The STATE of Ohio, Appellee,

v.

POCIUS, Appellant.

[Cite as *State v. Pocius* (1995), 104 Ohio App.3d 18.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 94–L–009.

Decided May 8, 1995.

*Charles E. Coulson,* Lake County Prosecuting Attorney, *Ariana E. Tarighati* and *Robert J. Cochran,* Assistant Prosecuting Attorneys, for appellee.

*R. Paul LaPlante,* Lake County Public Defender, and *Vanessa R. Macknight,* Assistant Public Defender, for appellant.

FORD, Presiding Judge.

This appeal comes from the Lake County Court of Common Pleas.

On December 20, 1993, appellant filed a motion to vacate or set aside his sentence pursuant to R.C. 2953.21 *et seq.*, construed by this court as a petition for postconviction relief, and a motion for return of property. On December 30, 1993, the trial court overruled the motions. This ruling is the subject of the present appeal.

By way of prologue, in the underlying criminal matter, appellant was indicted on two counts of trafficking in drugs, violations of R.C. 2925.03; one count of possession of criminal tools, a violation of R.C. 2923.24; one count of permitting drug abuse, a violation of R.C. 2925.13; and one count of drug abuse, a violation of R.C. 2925.11. Appellant filed a motion to dismiss on January 15, 1992, which was denied. He then entered a plea of "no contest" to one count of trafficking in drugs and one count of permitting drug abuse. The remaining charges were dismissed.

Appellant was sentenced to an indefinite term of incarceration of four to fifteen years on the drug-trafficking charge, the first three years being actual incarceration, and a definite term of incarceration of one year on the permitting-drug-abuse count. The sentences were to run concurrently. The trial court also ordered appellant to forfeit his vehicle to the Eastlake Police Department.

Appellant advanced a direct appeal to this court, and we affirmed the judgment of the trial court. *State v. Pocius* (Dec. 11, 1992), Lake App. No. 92–L–028, unreported, 1992 WL 366872. The Supreme Court overruled appellant's motion for leave to appeal.

On June 10, 1993, after we issued our opinion, appellant filed a petition for a writ of habeas corpus in the trial court. In the petition, he contended that his speedy trial rights were violated and that trial counsel's failure to raise this issue amounted to ineffective assistance of trial counsel. Upon appellee's motion, this petition was dismissed for two reasons. First, it did not affirmatively challenge the jurisdiction of the sentencing court, and, second, the matter of the speedy trial rights, coupled with the claim of ineffective assistance of trial counsel, should have been raised in the direct appeal to this court.

Returning to the present matter, appellant filed a *pro se* petition for postconviction relief and a separate motion for the return of his forfeited automobile. In the petition, appellant argued several grounds for relief.

Freely translated, appellant maintained that his statutory right to a speedy trial was violated and that trial counsel's failure to raise this matter amounted to ineffective assistance of counsel. He also contended that he received ineffective assistance of counsel because trial counsel failed to challenge the trial court's order forfeiting his vehicle. Specifically, he claimed that the forfeited vehicle was not utilized for the commission of a felony and that ordering forfeiture violated

the Double Jeopardy and Due Process Clauses of the Ohio and United States Constitutions.

On December 30, 1993, the trial court overruled appellant's petition and motion, stating that the issues raised by appellant had been decided against him on prior occasions by the trial court, this court and the Supreme Court of Ohio.

After appellant filed his appellate brief challenging the sufficiency of the trial court's order, the trial court issued a June 3, 1994 order entitled *"Nunc Pro Tunc Journal Entry."* This entry is approximately two pages longer than the court's initial entry and provides more elaborate and additional reasons for overruling appellant's petition and motion.

Appellant assigns the following as error:

"1. The trial court erred to the prejudice of the defendant-appellant when it failed to adhere to the mandates of R.C. 2953.21.

"2. The trial court erred to the prejudice of the defendant-appellant when it failed to base its ruling on facts in the record."

As a threshold matter, we must determine the effect of the trial court's *nunc pro tunc* entry. For the reasons that follow, we conclude that the court's June 3, 1994 entry does not qualify as a valid *nunc pro tunc* entry.

This court has stated:

"The purpose of a *nunc pro tunc* order is to have the judgment of the court reflect its true action. The power to enter a judgment *nunc pro tunc* is restricted to placing upon the record evidence of judicial action which has actually been taken. * * * It does not extend beyond the power to make the journal entry speak the truth * * *, and can be exercised only to supply omissions in the exercise of functions which are merely clerical * * *. *It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide.* * * *" (Emphasis added.) *McKay v. McKay* (1985), 24 Ohio App.3d 74, 75, 24 OBR 129, 130, 493 N.E.2d 317, 318. See, also, *Klammer v. Reimer* (Nov. 4, 1994), Lake App. No. 93–L–208, unreported, 1994 WL 642474.

The trial court's self-styled *nunc pro tunc* entry does not qualify as such because it does not demonstrate what the court actually decided on December 30, 1993, but, rather, what it might or should have decided, or intended to decide. Thus, the rationale in the *nunc pro tunc* entry cannot be considered to support the court's dismissal.

Appellant's assignments are interrelated. Therefore, they will be considered in consolidated fashion.

■ Appellant argues that the trial court failed to make sufficient findings of fact and conclusions of law when dismissing his petition and that the court's decision is not supported by the record. We agree.

R.C. 2953.21(C) sets forth the obligations of a court regarding a petition for postconviction relief. It states:

"Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. Such court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. *If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.*" (Emphasis added.)

"[F]indings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition." *State ex rel. Carrion v. Harris* (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330. The rationale is that findings apprise the petitioner of the grounds for the judgment and enable an appellate court to adequately review the decision. *Id.*

As previously stated, the trial court overruled the petition because, in its view, appellant had already raised the present issues, and they had been decided against him. A review of this court's opinion disposing of appellant's direct appeal indicates that appellant did not advance the ineffective-assistance-of-trial-counsel issues raised in his petition. See *State v. Pocius* (Dec. 11, 1992), Lake App. No. 92–L–028, unreported, 1992 WL 366872. Furthermore, they could not have been raised in the Supreme Court of Ohio because it overruled appellant's motion for leave to appeal. Thus, only if the issues raised in the petition for postconviction relief had previously been raised in the trial court would the trial court's observations be correct.

■ When a petition is dismissed on *res judicata* grounds, "the trial court should make and file findings of fact and conclusions of law with respect thereto, and, where appropriate, should specify the portions of the files and records which establish the bar of *res judicata*." *State v. Lester* (1975), 41 Ohio St.2d 51, 55, 70 O.O.2d 150, 152–153, 322 N.E.2d 656, 659. The trial court did not specify the portions of the record supporting its decision.

Regarding the forfeiture issue, it appears that this matter was not previously raised. Furthermore, while appellant raised ineffective-assistance issues in his petition for habeas corpus, the trial court did not determine whether, in fact, appellant received ineffective assistance as to the failure to raise speedy-trial

rights. Instead, as previously stated, the court dismissed the habeas corpus petition because appellant did not challenge the jurisdiction of the court and because the issues raised in that petition should have been raised on direct appeal.

■ " * * * If the trial court finds, on the facts of a case, that a petitioner's claim was *fully litigated* at trial or upon appeal, or that the claim could have been fully litigated in an appeal, the court can summarily dismiss the claim as barred by *res judicata.*" (Emphasis added.) *Lester,* 41 Ohio St.2d at 55, 70 O.O.2d at 152–153, 322 N.E.2d at 659. Appellant did not receive an opportunity to fully litigate his ineffective-assistance-of-trial-counsel claims via his habeas corpus petition. First, there is no requirement that appellant challenge the jurisdiction of a court in order to prevail on a postconviction petition. Second, appellant was represented by the same counsel at trial and on direct appeal. Thus, *res judicata* cannot act as a bar to a claim of ineffective assistance because counsel cannot be expected to raise his own incompetence. *State v. Lentz* (1994), 70 Ohio St.3d 527, 529–530, 639 N.E.2d 784, 785–786.

Appellant's assignments are with merit.

Based on the foregoing, the trial court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOSEPH E. MAHONEY and NADER, JJ., concur.