OPINION
Petitioner-appellant, Jeffrey L. Sunnycalb, pro se, appeals the Butler County Court of Common Pleas decision dismissing his postconviction petition to vacate or set aside sentence. This court now affirms the trial court's decision.
On January 20, 1995, Sunnycalb pled guilty to four counts of rape, in violation of R.C. 2907.02(A)(1)(b), and one count of corrupting another with drugs, in violation of R.C.2925.02(A)(4)(a). The trial court accepted Sunnycalb's plea and found him guilty on all charges. The trial court subsequently denied Sunnycalb's motion to withdraw his guilty plea, and on March 9, 1995, the trial court sentenced Sunnycalb accordingly. This court affirmed Sunnycalb's conviction. State v. Sunnycalb (Nov. 20, 1995), Butler App. No. CA95-04-059, unreported.
On September 20, 1996, Sunnycalb filed a petition to vacate or set aside sentence. On October 23, 1996, the trial court granted the state's motion to dismiss. The trial court rejected Sunnycalb's claim that he could not be convicted on charges that arose from conduct occurring on private property. The trial court also rejected his claim that his rape convictions violated the Privileges and Immunities Clause of the United States Constitution. Finally, the trial court concluded that Sunnycalb's two ineffective assistance of counsel claims were barred by the doctrine of res judicata.
On appeal, Sunnycalb sets forth three assignments of error. Sunnycalb's first assignment of error reads as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY ERRONEOUSLY APPLYING THE CASE LAW OF STATE v. McGLONE, 59 Ohio St.3d 122, 124 (1991) TO JUSTIFY AND ESTABLISH THE PREREQUISITE "EXCLUSIVE AS WELL AS LEGISLATIVE JURISDICTION" IN ORDER TO DISMISS THE APPELLANT'S PETITION TO VACATE SENTENCE.
Sunnycalb points out in this first assignment of error that the offenses he was convicted of occurred in his home, and he argues that "[his home] is not subject to the exclusive jurisdiction of `State of Ohio's' government as there exists no commercial activities conducted at the aforementioned `home', and said `home' is in fact private property." (Emphasis in original.) Sunnycalb's argument is not well-taken.
Ohio is a sovereign state with sovereign powers within its territory limited only by the United States and Ohio constitutions. See Southern Gum Co. v. Laylin (1902), 66 Ohio St. 578,593. "The police power is inherent in sovereignty; and its exercise is justified by the necessity of the occassion. Its foundation is the right and duty of the government to provide for the common welfare of the governed." State v. Boone (1911),84 Ohio St. 346, 351. The police power is sometimes defined as the state's inherent power to prescribe, within constitutional limits, reasonable regulations necessary to preserve the public order, health, safety, and morals. 16A American Jurisprudence Second (1979) 37, Constitutional Law, Section 363.
According to the General Assembly, a person is subject to criminal prosecution and punishment in Ohio if that person commits an offense under the laws of Ohio and any element of that offense takes place in Ohio. R.C. 2901.11(A)(1). "This state [Ohio] includes the land and water within its boundaries and the air space that the land and water, with respect to which this state has either exclusive or concurrent legislative jurisdiction." R.C. 2901.11(C)(1).
Nothing in R.C. 2901.11 limits application of Ohio's criminal law jurisdiction to conduct occurring on public land. Likewise, the statutes to which Sunnycalb pled guilty apply equally to conduct occurring on public and private property. Moreover, this court is aware of no constitutional provision that would bar the General Assembly from proscribing rape, regardless of where in Ohio the rape occurs. The trial court did not err in dismissing Sunnycalb's jurisdictional claim. Sunnycalb's first assignment of error is overruled.
In his second assignment of error, Sunnycalb argues that the trial court improperly applied the doctrine of res judicata to his two postconviction claims of ineffective assistance of counsel. This court disagrees.
In his second and fourth claims in his postconviction petition before the trial court, Sunnycalb complained that his trial counsel was ineffective for failing to assert his private property rights, and in failing to assert his rights under the Privileges and Immunities Clauses of the United States and Ohio constitutions. The doctrine of res judicata, however, bars consideration of any claim that was or could have been raised on direct appeal. See State v. Perry (1967), 10 Ohio St.2d 175. Moreover, the supreme court has held that where a defendant is represented by different counsel on appeal, res judicata may bar a postconviction claim of ineffective assistance of counsel if that claim could have been raised on direct appeal without resort to evidence outside the record. State v. Lentz (1994), 70 Ohio St.3d 527, syllabus. Compare State v. Pocius (1995), 104 Ohio App.3d 18
(prisoner represented by same counsel at trial and on direct appeal could not have raised ineffective assistance of trial counsel on direct appeal).
Sunnycalb raised the issue of ineffective assistance of counsel on direct appeal. Neither of Sunnycalb's current ineffective assistance of counsel claims are based upon evidence outside of the original record. Although the ineffective assistance claim on direct appeal was then based on other grounds, there is no reason why Sunnycalb could not have raised his current ineffective assistance claims on direct appeal as well. Importantly, Sunnycalb was represented by different counsel on appeal. The trial court did not err in dismissing Sunnycalb's ineffective assistance of counsel claims. His second assignment of error is overruled.
Sunnycalb complains under his third assignment of error that the trial court erred in dismissing his petition for postconviction relief without granting him a hearing. He contends that there was sufficient evidence in the record to support his claims of ineffective assistance of counsel and lack of jurisdiction.
An evidentiary hearing on a petition for postconviction relief is not automatic. State v. Jackson (1980), 64 Ohio St.2d 107,110. R.C. 2953.21 provides that the court must determine whether there are substantive grounds for relief before granting a postconviction hearing. Additionally, where a defendant claims ineffective assistance of counsel, he must submit evidentiary documents containing sufficient operative facts to show both deficient performance and resulting prejudice. Id. at 111.
The trial court properly concluded that Sunnycalb failed to satisfy his burden of demonstrating substantive grounds for relief. Therefore, the trial court properly refused to give Sunnycalb a hearing. Sunnycalb's third assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.