On June 26, 1992, appellant, James S. Waites, was indicted by the Lake County Grand Jury in Case No. 92-CR-000367 on four counts of kidnapping, R.C. 2905.01; five counts of corruption of a minor, R.C. 2907.04; three counts of rape, R.C. 2907.02; and two counts of felonious sexual penetration, R.C. 2907.12. On September 14, 1992, appellant was indicted by the grand jury, in Case No. 92-CR-000497, on one count of felonious sexual penetration and one count of kidnapping. On October 16, 1992, Case Nos. 92-CR-000497 and 92-CR-000367 were consolidated for trial pursuant to Crim.R. 8(A).
On December 28, 1992, appellant was found guilty by a jury on all counts. On January 12, 1993, appellant was sentenced to serve an indefinite term of incarceration of eight to twenty-five years on each count in Case No. 92-CR-000497, with sentences to run consecutively to each other and the sentences imposed in Case No. 92-CR-000367. On that same date, appellant was sentenced, in Case No. 92-CR-000367, to: (1) an indefinite term of eight to twenty-five years for the charges of rape, kidnapping, and felonious sexual penetration; (2) two years on each count of corruption of a minor; and (3) all sentences were to be served consecutively to each other and consecutively to the sentences imposed in Case No. 92-CR-000497. On August 22, 1994, this court affirmed in part, reversed in part, and remanded appellant's conviction.
On April 4, 1995, appellant filed a petition in the Lake County Court of Common Pleas to "Vacate or Set Aside Sentence," pursuant to R.C. 2953.21. On April 24, 1995, appellant filed a "Motion for Default Judgment in Post Conviction Relief Petition." On April 25, 1995, appellant filed a "Motion to Amend" his petition. On May 8, 1995, the Lake County Court of Common Pleas denied appellant's pro se
motion for postconviction relief. On May 11, 1995, appellant filed a notice of appeal in this court.
On December 24, 1996, this court reinstated appellant's original petition to "Vacate or Set Aside Sentence," the motion for default judgment, and the "Motion to Amend." On May 16, 1997, the trial court filed its "Findings of Fact and Conclusions of Law and Judgment Entry." In that judgment entry, the trial court denied appellant's petitions without a hearing.
On June 3, 1997, appellant filed a brief, pro se, in this court appealing the trial court's denial of postconviction relief. On June 20, 1997, the trial court filed a nunc pro tunc
entry, which corrected its May 16, 1997, entry denying appellant's petition. On June 30, 1997, appellant filed a motion to strike the nunc pro tunc judgment entry from the records, with this court. On August 1, 1997, this court determined that the nunc pro tunc was proper, and denied appellant's motion. On November 13, 1997, appellant filed a supplemental brief and assignment of error with this court. On February 2, 1998, appellee filed its brief in this matter.
Appellant now timely appeals, asserting the following assignments of error:
 "[1.] The trial court's denial of default judgment against the State of Ohio in postconviction relief is error of fact, and law, as it denies the Equal Protection of Law clause of the Fourteenth Amendment of the United States Constitution and relevant subsections of the Ohio Constitution.
 "[2.] The trial court erred in dismissing the petition on partial address to the merits, that is, fact and law required granting relief in this particular case.
 "[3.] The denial of Appellant's petition for postconviction relief without a hearing was contrary to law, and inconsistent with this Honorable Court's opinion on remand of this case.
 "[4.] The trial court erred to the prejudice of the appellant, by entering a Nunc Pro Tunc judgment which did not reflect the true action of the trial court."
In appellant's first assignment of error, appellant asserts that the trial court erred by denying him a default judgment in his favor because appellee filed its response late, so the trial court should have accepted appellant's statements as true.
However, contrary to appellant's contention, the state is not required to respond to a petition for postconviction relief. State v. Sklenar (1991), 71 Ohio App.3d 444, 446. InSklenar, the court stated:
 "* * * R.C. 2953.21(D), the provision setting forth the time period for the state's response, is directory rather than mandatory. * * * An appellant cannot compel the prosecutor to respond to his petition, but, rather, should resort to requesting the trial court to proceed on his motion without the prosecutor's response." Id.
More importantly, that court held that a default judgment cannot be granted by a court in a postconviction relief proceeding. Id. at 447. In Sklenar, the appellant was not entitled to a default judgment even though appellee did not respond to appellant's petition.
The holding in Sklenar is consistent with Civ.R. 55(D), which states, "[n]o judgment by default shall be entered against this state, a political subdivision, or officer in his representative capacity or agency of either unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."
Furthermore, appellant's assertion that appellee's response should be stricken because it was untimely filed, is meritless. R.C. 2953.21(D) empowers the trial court to use its discretion in deciding whether to grant an extension of time to file a reply to a petition for postconviction relief. SeeState v. Jordan (Sept. 10, 1990), Butler App. No. CA90-04-068, unreported. In the case sub judice, appellee originally filed its response to appellant's petition on April 18, 1995. On February 28, 1997, appellee filed its motion to reinstate its previous motion to dismiss appellant's petition. Appellee attached a copy of its previous response to the motion. On March 24, 1997, the trial court granted appellee's motion to file its response. Thus, appellant's first assignment of error is not well-taken.
In appellant's second assignment of error, he argues that the most compelling reason to grant postconviction relief arises from the ineffective assistance of his counsel. Appellant contends that his counsel failed to interview witnesses before trial, even though many were brought to his counsel's attention. Appellant also argues that on the day of trial, his counsel told several more witnesses that he would not need them, and that this was done without appellant's knowledge until after the trial commenced. Thus, appellant argues that his "counsel decided upon his own volition to proceed without a defense, without knowledge, nor permission by this petitioner, as defendant." In addition, appellant argues that his counsel failed to present a defense for the crime he is now convicted. Finally, appellant argues that his counsel chose on his own to argue about "the definition of force" with the State.
"Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief." (Citations omitted.) State v. Cole
(1982), 2 Ohio St.3d 112, syllabus. However, the record reveals that appellant was represented by the same counsel in his trial and on the direct appeal. When a defendant is represented by the same attorney at trial and on direct appeal, res judicata
does not preclude the defendant from raising a claim of ineffective assistance of counsel in a postconviction relief proceeding. See State v. Pocius (1995), 104 Ohio App.3d 18, 23. Thus, appellant is not barred by res judicata from advancing a claim of ineffective assistance of counsel.
In Strickland v. Washington (1984), 466 U.S. 668, 687, the Supreme Court held that a defendant must show that his attorney's deficient performance was prejudicial to him in a claim of ineffective assistance of counsel. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In State v. Jackson (1980), 64 Ohio St.2d 107, syllabus, the Supreme Court of Ohio held the following:
 "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."
In Ohio, a licensed attorney is presumed competent.State v. Smith (1985), 17 Ohio St.3d 98, 100. Also, "[d]ebatable trial tactics generally [do] not constitute a deprivation of effective counsel." State v. Phillips (1995),74 Ohio St.3d 72, 85 (citing State v. Clayton (1980), 62 Ohio St.2d 45,49). When there is no showing that counsel was ignorant of a crucial defense, or failed to perform proper factual or legal research, then counsel's judgment to withhold certain evidence as part of his trial strategy should be treated with deference by the court. Clayton,62 Ohio St.2d at 49. Finally, in Strickland, the Court articulated that the purpose of requiring effective assistance is to ensure a fair trial. 446 U.S. at 686. In addition, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id.
As for appellant's contentions that his counsel was ineffective because he failed to interview witnesses before trial, and told certain witnesses that they would not be needed for trial, case law demonstrates that this is not necessarily an error by one's counsel. In State v. Reese
(1982), 8 Ohio App.3d 202, 203, the court held that an attorney's failure to subpoena certain witnesses does not amount to ineffective assistance of counsel. In that case, the defendant argued that his counsel provided ineffective assistance because he failed to subpoena certain witnesses.
In reviewing the record, appellant's assertions are merely conclusory statements. The record shows that appellant's counsel swore in an affidavit, dated April 13, 1995, that he discussed with appellant all strategies for trial, including the trial strategy not to put on a defense, and appellant agreed.
Also, pursuant to R.C. 2945.371, appellant was referred for psychiatric evaluation. On October 2, 1992, the trial court filed a judgment entry in which it found appellant competent to stand trial because "the defendant is capable of understanding the nature and objective of the proceedings against him and is capable of presently assisting in his defense." Both appellee and appellant's counsel stipulated to the psychiatric report that appellant was competent to stand trial. Therefore, we must assume that appellant's arrangement with his counsel, as indicated in his counsel's affidavit, was the product of well-reasoned thought. Thus, appellant has not met his burden of proof, and his second assignment of error is without merit.
In addressing appellant's third assignment of error, a review of the December 20, 1996, opinion by this court, which reversed the decision of the trial court to dismiss appellant's petition, and remanded this matter to the trial court for further proceedings, did not direct the trial court to hold a hearing. See State v. Waites (Dec. 20, 1996), Lake App. No 95-L-085, unreported, at 5-7. That decision states, in pertinent part, the following:
 "We believe the trial court erroneously overruled appellant's petition on the basis of timeliness. The trial court had, at the very least, pending or 'frozen' jurisdiction over the matter. It is our considered opinion that the trial court should have continued the matter for hearing. At the conclusion of the reopened appeal and the rendering of the decision, the trial court could have then proceeded to conduct the hearing on the petition." Id. at 5.
A careful reading reveals that this court did not require the trial court to conduct a hearing on appellant's petition. Rather, this court simply held that the trial court should not have dismissed appellant's petition as untimely, must continue the matter, and hold a hearing on the petition if required.
R.C. 2953.21 is the relevant statute governing postconviction relief petition hearings. R.C. 2953.21(C) states the following:
 "* * * Before granting a hearing on a petition [for postconviction relief], the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
R.C. 2953.21(E) states, "[u]nless the petition [for postconviction relief] and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *."
Furthermore, this court interpreted R.C. 2953.21 inState v. Guerriero (Sept. 26, 1997), Ashtabula App. No. 96-A-0078, unreported, at 4:
 "It is apparent from the statutory language that a hearing is not required in every case but, rather, is discretionary with the trial court. * * * The test is whether there are substantive grounds for relief that would warrant a hearing, based upon the record and any affidavits before the court. * * *" (Citations omitted.)
In making a determination of whether there are substantive grounds for relief under R.C. 2953.21, affidavits presented in support of the petition are accepted as true. Id. at 5; Statev. Calhoun (June 30, 1998), Lake App. No. 97-L-063, unreported, at 4 (no subsequent history reported). More importantly, substantive grounds for relief are satisfied when a petitioner submits evidentiary documents containing sufficient operative facts demonstrating the lack of competent counsel and prejudice against petitioner's defense by counsel's ineffectiveness.State v. Kapper (1983), 5 Ohio St.3d 36, 38-39. Additionally, a trial court is not required to hold an evidentiary hearing when a defendant submits to the court specific allegations which illustrate his counsel's ineffectiveness, but fails to support those allegations with evidentiary documents that contain sufficient operative facts demonstrating the lack of competent counsel and prejudice against the petitioner's defense as a result of counsel's ineffectiveness. Id. at 39; State v.Jackson (1980), 64 Ohio St.2d 107, 111; State v. Pankey (1981),68 Ohio St.2d 58, 59.
In Kapper, the Supreme Court of Ohio concluded that appellant was not entitled to a hearing on his postconviction relief petition despite the fact that the petition was replete with specific allegations. 5 Ohio St.3d at 39. The court came to that conclusion after determining that the appellant failed to support his allegations with evidentiary documents containing sufficient operative facts. Id.
In Jackson, the defendant-appellee was not entitled to an evidentiary hearing on his postconviction relief petition, in which he asserted a claim of ineffective assistance of counsel, because the supporting affidavit of the defendant-appellee's trial counsel failed to demonstrate that the defense was actually prejudiced by counsel's ineffectiveness. 64 Ohio St.2d 107,112-113. It is important to note that an evidentiary hearing was not required, even though the court determined that the affidavit appeared to contain sufficient operative facts demonstrating a lack of competent counsel. Id. at 112.
In the case sub judice, appellant's brief merely contains a series of specific allegations against his counsel's performance. In reviewing appellant's April 4, 1995, "Petition to Vacate or Set Aside Sentence," appellant did make a reference to certain attached affidavits in proffering his position.[1] However, the affidavits of Rita Kettunen and Jocelyn Heath do not contain operative facts demonstrating a lack of competent counsel. The affidavit of Rita Kettunen merely states that she is a friend of appellant, that appellant was at her home on May 30 and 31, 1992, that she was to testify for the prosecution, and that she knows of certain scars appellant has. The affidavit of Jocelyn Heath states, in pertinent part, that appellant spent the entire weekend of May 30 and 31, 1992, at Rita's home. Neither of those affidavits support appellant's claim that his counsel acted without appellant's consent, knowledge, or permission. Those affidavits also fail to demonstrate that the defense was actually prejudiced by counsel's alleged ineffectiveness. Therefore, appellant's third assignment of error is not well-taken.
In appellant's supplemental brief and assignment of error, appellant contends that the trial court erred to the prejudice of appellant by entering a nunc pro tunc judgment that did not reflect the trial court's true action. Appellant contends that the nunc pro tunc judgment significantly differs from the initial entry dated May 16, 1997, and therefore constitutes reversible error.
In State v. Durham (1976), 49 Ohio App.2d 231, 234, the following was stated:
 "Judgments are entered nunc pro tunc to make the record speak the truth and the function of an entry nunc pro tunc is the correction of the judicial records insofar as they fail to record a judgment rendered by the court. If there is a failure to record that which did happen, an entry nunc pro tunc is proper and fully authorized to correct such defects. Such an entry is the available remedy where a court has acted and its action has not been correctly recorded."
While we note appellant's assertion that the trial court has utilized the nunc pro tunc entry as a means to convey more information to this court, this court has already determined in its August 1, 1997, judgment entry that the nunc pro tunc
judgment was proper. In that judgment entry, this court stated:
 "A review of both the May 16, 1997, judgment and the nunc pro tunc judgment submitted June 20, 1997, reveal that the purpose of the nunc pro tunc entry was, as submitted by Appellee, only to clarify the trial court's disposition of Appellant's motion for leave to amend filed April 25, 1995, which was apparently inadvertently omitted from the May 16, 1997 [sic] judgment entry."
Thus, this court determined that the nunc pro tunc judgment was proper because it was utilized only to officially record an action previously taken by the trial court but inadvertently not recorded. We agree with this court's judgment entry on August 1, 1997. Consequently, appellant's fourth assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are meritless. The judgment of the Lake County Court of Common Pleas is affirmed.
 ----------------------------------- JUDGE JOSEPH E. MAHONEY, Ret., Eleventh District Court of Appeals, sitting by assignment
CHRISTLEY, P.J., concurs with Concurring Opinion, NADER, J., concurs.
HON. JUDITH A. CHRISTLEY, P.J., HON. ROBERT A. NADER, J., HON. JOSEPH E. MAHONEY, J., JUDGES, Ret., Eleventh Appellate District, sitting by assignment.
[1] The record reveals that the April 4, 1995, "Petition to Vacate or Set Aside Sentence," is not supported by an affidavit of appellant.
 CONCURRING OPINION