JOURNAL ENTRY AND OPINION
In 1996, a jury heard evidence in two consolidated criminal cases and found petitioner Patrick Hunter guilty of two separate counts of aggravated robbery, each with a gun specification. We affirmed the appeal in State v. Hunter (July 17, 1997), Cuyahoga App. Nos. 70933 and 70934, unreported, but remanded a portion of the case with instructions for the court to vacate that part of the conviction relating to petitioner having a weapon while under disability. The Ohio Supreme Court refused to hear a further appeal. See State v. Hunter (1997), 80 Ohio St.3d 1446.
In March 1997, before his direct appeal had been heard, petitioner filed a petition for postconviction relief. The grounds underlying the claims for relief were ineffective assistance of counsel and prosecutorial misconduct. The court dismissed the petition without a hearing for the reason that all of petitioner's claims were barred by principles of res judicata
because all of the issues contained in the petition could have been raised on direct appeal. Petitioner appeals from this ruling.
 I
The first assignment of error complains the court erred by finding petitioner's claims for relief barred by principles ofres judicata.
Paragraph nine of the syllabus to State v. Perry (1967),10 Ohio St.2d 175, provides:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. (emphasis added).
Considering the ineffective assistance of counsel claims first, the petition for postconviction relief raised four separate issues: (1) counsel failed to present evidence that petitioner had been shot during the commission of offenses, evidence which, in petitioner's view, would have established him as the victim, rather than the perpetrator; (2) counsel waived petitioner's presence during trial when the court queried a juror who may have known petitioner from junior high school; (3) counsel created a conflict of interest in their representation by suggesting prior to trial that petitioner accept a plea bargain before even beginning discovery; and (4) counsel's failure to recognize the faulty violence specification underlying the having weapons under disability charge permitted the state to characterize petitioner as a "convicted felon" during opening arguments at trial.
The court did not err by dismissing the ineffective assistance of counsel claims on grounds that they were barred by resjudicata because they could have been raised on direct appeal.
The issue of petitioner's having been shot arose during trial when the state extensively cross-examined petitioner as to why, if he had been shot during one of the robberies, he failed to tell the police about that fact. Petitioner set forth a pro se
assignment of error complaining that counsel were ineffective for failing to object to questioning that appeared to cross the line from impeachment to a comment about petitioner's right to remain silent following arrest. We noted "it would have been appropriate for defense counsel to object * * *" to the state's questions, but held that any error in failing to object was not accompanied by resulting prejudice given the substantial evidence against petitioner. See State v. Hunter, Cuyahoga App. Nos. 70933 and 70934, unreported at 12-13. Although the petition offered medical records on this point, those records did not overcome the hard fact that counsel's alleged ineffectiveness for failing to argue this point had been raised on appeal.
Petitioner also claims counsel should have put into evidence a lost baggage/claim ticket petitioner filed with a bus line because he claims this would have established the dates of the robbery as occurring six weeks earlier than one of the victims claimed. He maintains this would have proven him more credible than the victim. Petitioner himself mentioned the lost baggage/claim ticket in his trial testimony, so evidence of that fact cannot be said to be outside the record on appeal.
Likewise, petitioner's direct appeal could have raised the issue whether counsel rendered ineffective assistance of counsel by waiving petitioner's presence during the questioning of a juror who may have known petitioner. Petitioner's absence was apparent on the record, and nothing prevented him from raising his absence as an assignment of error on direct appeal. The first assignment of error is overruled.
 II
In his second assignment of error, petitioner claims the court erred by denying him a hearing on his claims. The postconviction statute does not require a hearing for every postconviction petition. See State v. Jackson (1980), 64 Ohio St.2d 107. 110. Where defendant, represented by new counsel upon direct appeal, fails to raise the issue of competent trial counsel on direct and the issue could fairly have been determined without resort to evidence outside the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief without a hearing. See State v. Cole (1982), 2 Ohio St.3d 112, syllabus. Because we have found petitioner's claims barred by res judicata,
the court did not err by conducting a hearing. The second assignment of error is overruled.
 III
The third assignment of error complains the court erred by failing to file amended findings of fact and conclusions of law in response to petitioner's amended petition for postconviction relief. The amended petition raised a fourth ground for the ineffective assistance of counsel claim — that counsel's failure to recognize the faulty violence specification underlying the having weapons under disability charge permitted the state to characterize petitioner as a convicted felon" during opening arguments at trial.
There is no question that the court's findings of fact and conclusions of law were issued well after petitioner filed the amended petition. So on its face, we can presume that the court considered the amended petition in its findings.
Petitioner appears to claim that the court's findings of fact should have addressed individually the claims. The petition set forth two separate "claims" — an ineffective assistance of counsel claim and a prosecutorial misconduct claim. The ineffective assistance of counsel claim, as amended, contained a total of four issues." The court's findings of fact and conclusions of law found "Petitioner's claim number one is barred by res judicata."
Findings and conclusions shall "apprise [the] petitioner of the grounds for the judgment of the trial court and [ ] enable the appellate courts to properly determine appeals in such a cause."State ex rel. Carrion v. Harris (1988), 40 Ohio St.3d 19, quotingJones v. State (1966), 8 Ohio St.2d 21, 22. When a petition is dismissed on res judicata grounds, the trial court should make and file findings of fact and conclusions of law and, where appropriate, should specify the portions of the files and records which establish the bar of res judicata. State v. Lester (1975),41 Ohio St.2d 51, 55; State v. Pocius (1995), 104 Ohio App.3d 18,22. "A concise entry is sufficient to fulfill the duty to make findings of fact and conclusions of law." State ex rel. Smith v.Court of Common Pleas (July 3, 1997), Cuyahoga App. No. 72381, unreported.
Under the circumstances, the court's findings are sufficient to enable us to conduct a full review. The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., KENNETH A. ROCCO, J., CONCUR.
 __________________ JOHN T. PATTON PRESIDING JUDGE