JOURNAL ENTRY and OPINION.
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant Marcus Lurns appeals the trial court's denial of his motion to correct the journal entry of his sentence. We find no merit to the appeal and affirm.
 {¶ 3} In April 2000, Lurns pled guilty to one count of possession of drugs, a first degree felony. On May 9, 2000, he was sentenced to four years in prison. No direct appeal was taken from his plea or sentence.
 {¶ 4} On April 23, 2002, Lurns filed a motion for judicial release, which was denied by the trial court. On August 15, 2002, he filed a motion captioned, "Motion For Nunc Pro Tunc" requesting that the trial court clarify its sentencing order to reflect that his four-year sentence was not mandatory, because the sentencing entry did not indicate it was "mandatory." He also argued that the trial court did not intend to sentence him to "mandatory time" since it gave him credit for time served. The trial court denied the motion.
 {¶ 5} In his sole assignment of error, Lurns argues that the trial court erred by not entering a judgment reflecting that his sentence was not mandatory.
 {¶ 6} Lurns was sentenced several years after S.B. 2 went into effect. Pursuant to S.B. 2, defendants are sentenced to definite sentences, without the opportunity for parole. State v. Seymour (Oct. 29, 1997), Fourth Dist. No. 96 CA 41 ("Senate Bill 2 adopts the definite sentence, punishment model. * * * The sentencing judge imposes a definite sentence and the defendant does a determinate sentence without a chance of parole.")
 {¶ 7} R.C. 2929.14(A)(1), enacted pursuant to S.B. 2, sets forth the terms of imprisonment and states in pertinent part:
"[I]f the court imposing a sentence upon an offender for a felonyelects or is required to impose a prison term on the offender pursuant tothis chapter and is not prohibited by division (G)(1) of section 2929.13of the Revised Code from imposing a prison term on the offender, thecourt shall impose a definite prison term that shall be one of thefollowing:
 For a felony of the first degree, the prison term shall be three, four,five, six, seven, eight, nine, or ten years."
 {¶ 8} Lurns' sentencing journal entry reflects that the trial court sentenced him to four years in prison. This sentence pursuant to S.B. 2 can only be a definite term with no opportunity for parole.
 {¶ 9} Furthermore, a review of the transcript from Lurns' sentencing hearing also indicates that it was the trial court's intent to sentence him to a definite term of four years. Therefore, because the sentencing entry clearly reflected the prison term imposed at Lurns' hearing, there was nothing for the trial court to clarify or correct. A "nunc pro tunc order" is clerical in nature and is not meant to change the substantive nature of the judgment. State v. Breedlove (1988),46 Ohio App.3d 78. As the court held in State v. Pocius (1995),104 Ohio App.3d 18, 21, quoting McKay v. McKay (1985), 24 Ohio App.3d 74,75:
"`The purpose of a nunc pro tunc order is to have the judgment of thecourt reflect its true action. The power to enter a judgment nunc protunc is restricted to placing upon the record evidence of judicial actionwhich has actually been taken. * * * It does not extend beyond the powerto make the journal entry speak the truth, * * * and can be exercisedonly to supply omissions in the exercise of functions which are merelyclerical * * *. It is not made to show what the court might or shouldhave decided, or intended to decide, but what it actually did decide.* * *.'"
 {¶ 10} In the instant case, the sentencing journal entry "speaks the truth." It reflects what the court actually did, and therefore a nunc pro tunc entry would be inappropriate.
 {¶ 11} The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. and DIANE KARPINSKI, J. concur.