THE STATE, EX REL. CARRION, APPELLANT, v. HARRIS, JUDGE, APPELLEE.

[Cite as State, ex rel. Carrion, v. Harris (1988), 40 Ohio St. 3d 19.]

(No. 88-861—Submitted September 8, 1988—Decided November 30, 1988.)

*Jose A. Carrion, pro se.*

*Gregory A. White,* prosecuting attorney, and *Jonathan E. Rosenbaum,* for appellee.

*Per Curiam.* The court of appeals held that the trial court did issue findings of fact and conclusions of law. We agree. The journal entry in question states:

"Request for hearing denied. Petition for post-conviction relief denied on the basis of res judicata; see *State* v. *Wilcox* (1984), 16 Ohio App. 3d 273 [16 OBR 298, 475 N.E. 2d 516]. All of the issues in Defendant's petition were or could have been raised in Defendant's direct appeal wherein the Court of Appeals found that the Defendant understood the consequences of his plea; see C.A. #3958."

In *State* v. *Lester* (1975), 41 Ohio St. 2d 51, 70 O.O. 2d 150, 322 N.E. 2d 656, paragraph two of the syllabus, we held that findings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition. In *State* v. *Mapson* (1982), 1 Ohio St. 3d 217, 219, 1 OBR 240, 242, 438 N.E. 2d 910, 912, we stated:

"'* * * The obvious reasons for requiring findings are '* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.' *Jones* v. *State* (1966), 8 Ohio St. 2d 21, 22 [37 O.O. 2d 357]. The exercise of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than [that] he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.''

Clearly, the journal entry in this case satisfies the policy considerations announced in *Mapson.* Even though the trial court does not specifically label its entry as findings of fact and conclusions of law, that is what its words import. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.