## State v. Gunter
### [Cite as 7 AOA 362]

*Case No. 90 CA 004736*
*Lorain County, (9th)*
*Decided September 26, 1990*

Gregory A. White, Prosecuting Attorney, 226 Middle Ave., Elyria, Ohio 44035, for Plaintiff.

Lewis E. Williams, 1243 S. High St., Columbus, Ohio 43206, for Defendant.

REECE, P.J.

David A. Gunter (Gunter) appeals the trial court's denial of his petition for post-conviction relief. We reverse.

On December 8, 1987, Gunter, represented by counsel, entered a plea of guilty to a charge of aggravated burglary, with a specification of a prior felony conviction. He was sentenced to a term of imprisonment of ten to twenty-five years, with ten years of actual incarceration.

On October 6, 1989, Gunter filed a petition for post-conviction relief plant to R.C. 2953.21 and Crim. R. 32.1, claiming ineffective assistance of counsel. The petition included Gunter's sworn affidavit, wherein he stated that he and his brother had the same attorney for their cases, arising from the same criminal acts, and that the attorney stated that the prosecutor would only agree to a plea for Gunter's younger brother to a lesser offense if Gunter would change his plea to guilty to the charge of aggra-

vated burglary. He also claimed to be not guilty of the crimes originally charged.

The state responded with a motion to dismiss the petition or for summary judgment, accompanied by copies of the indictment, a joint response to Gunter and his brother's counsel's discovery request, the bill of particulars, and the transcripts of the plea hearing and sentencing hearing. Gunter responded on November 28, 1989, with a motion for summary judgment and a memorandum contra the state's motion.

On December 12, 1989, the trial court filed the following journal entry:

"Prosecutors' [sic] Motion to Dismiss/Motion for Summary Judgment is hereby granted. Defendants' [sic] Petition to Vacate or Set Aside Guilty Plea is dismissed without hearing based upon evidentiary materials submitted."

Gunter asserts two assignments of error which we address jointly.

### Assignments of Error

"I. The trial court erred in granting the state's motion to dismiss/motion for summary judgment and dismissing appellant's petition to vacate or set aside guilty plea without affording the appellant an evidentiary hearing.

"II. The trial court erred in not granting appellant's motion for summary judgment."

In *State v. Lester* (1975), 41 Ohio St. 2d 51, paragraph two of the syllabus, the Supreme Court set forth the responsibility of the trial court in reviewing a petition for post-conviction relief:

"R.C. 2953.21 requires the trial court to consider the allegations of the petition for post-conviction relief and the particular facts upon which the petitioner bases his claim; if, upon such consideration, the trial court finds no grounds for a hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition."

This analysis has been consistently followed and approved. See *State v. Hester* (1976), 45 Ohio St. 2d 71; *State v. Jackson* (1980), 64 Ohio St. 2d 107; *State v. Pankey* (1981), 68 Ohio St. 2d 58; *State v. Mapson* (1982), 1 Ohio St. 3d 217; and *State, ex rel. Carrion, v. Harris* (1988), 40 Ohio St. 3d 19. Gunter's brief and reply brief raise issues as to whether the trial court should have held an evidentiary hearing to consider his petition and whether the trial court should have issued findings of fact and conclusions of law in dismissing the petition without a hearing. We address both propositions.

In *Jackson, supra,* syllabus, the court set forth the test for obtaining a hearing when a petition for post-conviction relief is filed:

"In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."

Gunter cites a particular situation as illustrative of his counsel's ineffectiveness: the fact that the same counsel simultaneously represented Gunter's younger brother upon charges stemming from the same criminal acts. Gunter submitted an affidavit in support of the petition in which he claimed that his counsel told him that the state would only agree to reduce the charges pending against Gunter's brother, who wished to plead guilty, if Gunter himself would withdraw his not guilty plea and enter a guilty plea to aggravated burglary with a specification.

Upon review, we believe this allegation is of sufficient weight to meet the burden imposed by *Jackson, supra.* Gunter's affidavit contains sufficient operative facts to demonstrate the lack of competent counsel in this situation, and that the defense was prejudiced by counsel's ineffectiveness, due to counsel's conflict of interest in representing both Gunter and his brother.

Gunter directs our attention to *Ford v. Ford* (C.A. 11, 1985), 749 P. 2d 681, certiorari denied (1985), 474 U.S. 909, a federal habeas corpus case of similar facts: one brother wanted to plead guilty to a charge, and the other wanted to stand trial, but the state would only offer the plea bargain if both pled. The federal appellate court found an actual conflict where both brothers were represented by the same counsel, as it was "obvious that the brothers' attorney was placed in a position of divided loyalties." *Id.* at 682.

Accordingly, under the analysis in *Jackson, supra,* we find that the trial court erred by failing to grant Gunter an evidentiary hearing. See *State v. Smith* (1987), 36 Ohio App. 3d 162, 164.

With respect to Gunter's second issue, the Supreme Court has made it abundantly clear that even where a petition for post-conviction relief is summarily denied without an evidentiary hearing, R.C. 2953.21 "unequivocally mandate[s] that findings of fact and conclusions of law must be made by the trial judge[.]" *Mapson, supra,* at 218. The trial court's simple conclusion below was that "Defendants' [sic] Petition to Vacate or Set Aside Guilty Plea is dismissed without hearing based upon evidentiary materials submitted." We find this insufficient to satisfy the policy considerations announced in *Mapson, supra,* at 218-219. See *State, ex rel. Carrion, supra,* at 19-20. Thus, we hold that in dismissing a petition for post-conviction relief without hearing, the trial court must issue findings of fact and conclusions of law.

Based upon our disposition of the first assignment of error, and our remand to the trial court for the holding of an evidentiary hearing on Gunter's post-conviction petition, we find the second assignment of error to be without merit, and it is accordingly overruled.

The judgment of the trial court is reversed, and this cause is remanded for the holding of an evidentiary hearing to consider Gunter's petition for post-conviction relief.

BAIRD, J., concurs.

QUILLIN, J., concurs in judgment only.