On July 24, 1992, Carol Long was at a bar situated beneath several apartments located at 705 Parsons Avenue. At some point during the evening, Carol followed an individual named Danny McCarty to his apartment located above the bar. While there, the two became involved in a fight in which Long was injured. When defendant, co-defendant, Fred Walk, and Cherrie Messer learned of the fight, the three went to the Parsons Avenue pub in order to confront McCarty. While it is not clear what, if anything, occurred at that location on the evening of July 24, 1992, on the next evening, the three met at Carol Long's apartment and drove in defendant's car to a nearby gas station where they purchased a gallon of gasoline. The three then drove to 705 Parsons Avenue where one or more of the individuals poured gasoline in the hallway of the apartments above the bar. The gasoline was then set on fire and the three fled in defendant's car. Two individuals perished as a result of the ensuing blaze.
As a result of the subsequent investigation into the cause of the fire, defendant was indicted and eventually pled guilty to one count of aggravated arson in violation of R.C. 2909.02, and two counts of involuntary manslaughter in violation of R.C.2903.04. While defendant did not timely appeal his conviction or sentence, on April 10, 1995, defendant filed a motion to withdraw his guilty plea. Defendant's motion to withdraw his plea was denied by the trial court on April 15, 1996. Thereafter, defendant appealed the denial of his motion to this court and filed a new motion for leave to file a delayed appeal of his conviction and sentence. Both were consolidated. In an opinion rendered on March 4, 1997, this court affirmed the trial court's judgment in all respects.
On September 19, 1996, defendant filed the motion for post-conviction relief which is the subject of this appeal. Defendant's motion was originally denied on March 16, 1998. Thereafter, on March 27, 1998, defendant filed a motion for findings of fact and conclusions of law. While that motion was pending, defendant filed an affidavit of disqualification with the Ohio Supreme Court against the judge assigned to hear defendant's case.[1] Defendant's case was then reassigned, at which time defendant's motion for post-conviction relief was reheard and was again denied on May 20, 1998. Defendant now appeals raising the following five assignments of error:
 [I.] The trial court committed reversible error by not filing a findings of fact and conclusions of law in accordance with R.C. 2953.21(C).
 [II.] The trial court committed reversible error by not granting appellant an evidentiary hearing, where appellant submitted sufficient operative facts that demonstrated that his constitutional rights had been violated.
 [III.] The trial court committed reversible error in not granting appellant relief pursuant to R.C. 2953.21, where appellant's plea was invalid due to erroneous advice of counsel.
 [IV.] The trial court committed reversible error in not granting relief pursuant to R.C. 2953.21, where the state violated its duty to disclose all exculpatory evidence.
 [V.] The trial court committed reversible error in not granting appellant relief pursuant to R.C. 2953.21, where appellant presented new evidence that proved appellant did not commit the offense upon which he plead guilty.
In his first assignment of error, defendant argues the trial court erred when it issued insufficient findings of fact and conclusions of law. R.C. 2953.21(C) provides that the trial court, upon summarily dismissing a petition for post-conviction relief without a hearing, must issue findings of fact and conclusions of law. The purpose behind requiring findings of fact and conclusions of law in connection with the dismissal of a petition for post-conviction relief, is to apprise the petitioner and the appellate court of the grounds for the dismissal. State ex rel. Carrion v. Harris (1988), 40 Ohio St.3d 19, quoting Jones v. State (1966), 8 Ohio St.2d 21, 22. As noted by the Supreme Court:
 * * * The exercise of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than [that] he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.
Hence, in order to fulfill this purpose, the findings must be sufficiently comprehensive and pertinent to the issues before the court to serve as the basis of the court's judgment.State v. Clemmons (1989), 58 Ohio App.3d 45, 46. The trial court is not, however, required to specifically label its findings or conclusions, nor is it required to present them in any particular format. Carrion, supra, at 20.
In this case, the trial court's findings of fact and conclusions of law expressly addressed each of defendant's claims. Specifically, on the grounds of res judicata, the court unequivocally rejected defendant's claim that his guilty plea was not knowingly, intelligently, and voluntarily made, defendant's claim that he received ineffective assistance of counsel, and defendant's claim that "new" evidence existed which would exonerate him. A review of the trial court's May 20, 1998 dismissal reveals the court's findings of fact and conclusions of law were sufficient to inform both the defendant and this court of the basis for its decision. Carrion, supra,
at 19-20; State v. Sowell (1991), 73 Ohio App.3d 672, 676. Accordingly, defendant's first assignment of error is not well-taken.
Defendant's second, third, fourth, and fifth assignments of error are interrelated and will be addressed together.
While a petitioner seeking relief pursuant to R.C. 2953.21
may request an evidentiary hearing on his or her petition, a petitioner is not automatically entitled to such a hearing.State ex rel. Jackson v. McMonagle (1993), 67 Ohio St.3d 450. Rather, the trial court has a statutorily imposed duty to ensure that the petitioner adduces sufficient evidence to warrant a hearing, and may dismiss a petition without a hearing when the petitioner fails to submit evidentiary material setting forth sufficient operative facts to demonstrate the existence of substantive grounds for relief. State v. Jackson
(1980), 64 Ohio St.2d 107.
It is well-settled that the doctrine of res judicata will apply in determining whether post-conviction relief is appropriate. State v. Nichols (1984), 11 Ohio St.3d 40, 42;State v. Perry (1967), 10 Ohio St.2d 175, paragraph eight of the syllabus. Res judicata is the doctrine under which a final judgment or decree, rendered on the merits, prevents a party from bringing another lawsuit based upon the same claim.Whitehead v. Genl. Tel. Co. (1969), 20 Ohio St.2d 108. Under the doctrine of res judicata, issues cannot be raised or considered in post-conviction relief proceedings where they have been or could have been fully litigated by the petitioner either before his judgment of conviction or on direct appeal from that judgment. Perry, supra; State v. McCullough (1992),78 Ohio App.3d 587, 591. In other words, if a court finds that an issue raised in a petition for post-conviction relief has, or should have been raised on direct appeal, the court may dismiss the petition without a hearing on the grounds of preclusion.
In this case, we agree with the trial court's conclusion that the claims raised in defendant's petition are barred from consideration by the doctrine of res judicata. As noted, defendant's conviction was affirmed by this court on March 4, 1997. In our decision we specifically rejected defendant's claim that his guilty plea was not properly entered as well as defendant's claim that he received ineffective assistance of counsel. Additionally, defendant has not produced evidence from outside of the record which was not in existence or available for use at the time of trial. Moreover, even if defendant's evidence were not in existence or unavailable at trial, that evidence would go to the issue of the effectiveness of counsel, an issue that was fully litigated in the context of defendant's direct appeal. Accordingly, defendant's second, third, fourth and fifth assignments of error are not well-taken.
For the foregoing reasons, defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KENNEDY and DESHLER, JJ., concur,
[1] Defendant's case was originally heard by the Honorable James J. O'Grady. After Judge O'Grady removed himself from further consideration of this matter, defendant's case was re-assigned to be heard by the Honorable David L. Johnson.