David Harris, relator, filed two complaints in mandamus against respondent, Judge Lillian Greene. This court consolidated the two cases for all purposes. Through his complaints, relator is seeking to compel respondent (1) to re-enter a judgment that he had not been given notice of previously, (2) to provide him notice of the re-entry of the judgment so he may timely appeal, and (3) to issue findings of fact and conclusions of law for the denial of his postconviction petition in C.P. Case No. CR-282277. Respondent has moved to dismiss the complaints or, in the alternative, moved for summary judgment. We grant respondent's motion for the reasons contained therein and those that follow.
Relator claims he is entitled to have respondent re-enter her judgment on his postconviction petition and give him notice of same so that he may file an appeal. Relator, however, has not established any duty of respondent to either re-enter her judgment or to provide relator with notice of the judgment. Exhibit "C" which is attached to relator's complaints, is a copy of the judgment entry of respondent with the notation at the bottom that orders the clerk of courts to provide notice to relator. It was the responsibility of the clerk of court to provide notice of the judgment to relator and not the responsibility of respondent. In any event, this claim has been rendered moot as evidenced by Exhibit "A" to respondent's motion, which demonstrates that a copy of the subject journal entry was mailed to relator on April 22, 1999.
Relator also claims he is entitled to findings of fact and conclusions of law for the denial of his postconviction relief petition since respondent's original entry was insufficient. Respondent denied relator's petition for postconviction relief and issued findings and conclusions as follows:
 Defendant's petition for post-conviction is dismissed and request for hearing is denied. Defendant's claims could have been raised at trial or on appeal and are res judicata. State v. Perry (1967) [,] 10 Ohio St.2d 175. Defendant has failed to submit any evidentiary quality documents in support of his second claim. State v. Kapper (1983), 5 Ohio St.3d 36.
Complaints, Ex. "C." A nearly identical short form journal entry in a postconviction case was found to be sufficient in State exrel. Carrion v. Harris (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330, because it apprised the petitioner of the grounds for the judgment and so enabled the appellate court to properly determine any appeal. In this case, respondent's short form journal entry sufficiently states the reasons for the denial of relator's postconviction petition so that relator may adequately prepare and present an appeal and the appellate court may conduct a meaningful judicial review. Respondent has no duty to make additional findings and conclusions.
Accordingly, the Motion to Dismiss Petition for Writ of Mandamus or, in the alternative, Motion for Summary Judgment is granted.
Judgment for respondent. Costs to relator.
ANN DYKE, J., CONCURS
 ___________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE