I respectfully dissent from the majority opinion. The judgment entry from which appellant appeals reads, "Upon motion of the State of Ohio and for good cause shown, defendant's Motion for Post-Conviction Relief is dismissed without the need for an Evidentiary hearing." (Sept. 7, 1999 Entry filed at 2:41 p.m.). The "motion" to which the trial court refers is actually "STATE'S RESPONSE TO DEFENDANTS [SIC] PETITION" filed September 7, 1999 at 2:41 p.m., wherein appellee argues appellant's petition was untimely filed. When appellee's response is read in conjunction with the trial court's Entry, and given the close proximity in time of their filing, it is apparent the trial court's reference to "good cause shown" is its adoption of appellee's contention appellant's petition was untimely filed. Because the trial court's dismissal was based on this procedural issue and capable of independent verification by the trial court from the existent record, rather than a determination of any factual issues dehors the record, I find the trial court's Entry sufficient to satisfy R.C. 2953.21(C). For a similar result see State ex rel. Carrion v. Harris (1988), 40 O.S.3d 19. I would affirm the trial court's dismissal of appellant's petition as being untimely filed. Such finding renders any discussion of appellant's first two assignments of error moot.
 _______________________________ HOFFMAN, J.