[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PETITION FOR WRIT OF MANDAMUS MOTION NO. 19596
On May 11, 2000, the relator, Henry Jackson, commenced this mandamus action against the respondent, the Cuyahoga County Common Pleas Court, to compel the court to rule on a petition for post-conviction relief which he filed on October 15, 1999, in the underlying case, State of Ohio v. Henry Jackson, Cuyahoga County Common Pleas Court Case No. CR-342690.[1] On June 12, 2000, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness; attached was a copy of a certified and file-stamped October 21, 1999 journal entry summarily denying the post conviction petition. Mr. Jackson never filed a response. For the following reason this court grants the motion for summary judgment.
In the underlying case Mr. Jackson was charged with felonious assault, aggravated burglary and two counts of kidnapping. On March 11, 1997, he pleaded guilty to felonious assault, and the prosecutor nolled the other charges. On April 4, 1997, the trial court sentenced Mr. Jackson to nine years, including one year for a gun specification. Mr. Jackson moved to vacate his guilty plea. At a hearing on May 1, 1997, he withdrew his motion, and the trial court resentenced him to a total of eight years.
On May 5, 1998, Mr. Jackson moved for a delayed appeal which this court granted. The record was filed on September 17, 1998, and a supplemental record filed on December 2, 1998. This court affirmed the conviction and sentence on August 19, 1999.
On October 15, 1999, Mr. Jackson filed his post conviction petition. He alleged that his trial counsel was ineffective because he did not sufficiently examine and evaluate the prosecutor's case and because he coerced Mr. Jackson into pleading guilty by threatening that if he did not plead guilty, he would be sentenced to thirty-seven years in prison. Mr. Jackson stated that he did not understand the plea hearing, that he was confused and that, therefore, his guilty plea was not knowing and voluntary. He also argued that the trial court should have held a hearing on his motion to vacate his guilty plea. The trial court on October 21, 1999, summarily denied this post conviction petition. Nevertheless, Mr. Jackson subsequently moved for an evidentiary hearing and for default judgment. The trial court denied these motions: On March 24, 2000, the court again denied the post conviction petition, resolving the request for an evidentiary hearing, and on March 28, 2000 the court denied the motion for default judgment.[2] Mr. Jackson then commenced this mandamus action to compel the trial court to perform it's (sic) duty regarding the post conviction petition.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused.State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Mandamus is not a substitute for appeal. State ex rel.Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; and State ex rel. Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State exrel. Tran v. McGrath (1997), 78 Ohio St.3d 45, 676 N.E.2d 108. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser
(1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shaferv. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board ofEducation (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
To the extent that Mr. Jackson seeks rulings on his motions and petition, the respondent has fulfilled its duty. It has ruled on the outstanding matters.
The entry denying the postconviction petition does not have findings of fact and conclusions of law even under State ex rel.Carrion v. Harris (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330. To the extent that Mr. Jackson seeks findings of fact and conclusions of law, he is not entitled to relief because the underlying postconviction petition was untimely filed. As amended September 21, 1995, R.C. 2953.21, the postconviction petition statute, requires that such a petition
 shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
R.C. 2953.23(A) provides that a court may not entertain a postconviction petition filed after the expiration of the period stated above, unless (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which he bases his petition, or after the expiration of the period for bringing a postconviction petition, the United States Supreme Court recognizes a new right that applies retroactively to persons in the petitioner's situation and he bases his petition on that new right, and (2) the petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted.
The statutory provision that a court may not entertain an untimely post conviction petition, at the very least, relieves a trial court from the duty of issuing findings of fact and conclusions of law for such a matter. The court of appeals inState v. Beaver (1998), 131 Ohio App.3d 458, 464, 722 N.E.2d 1046, held: a decision that a petition is time-barred precludes any further inquiry into its merits. The petitioner knows exactly why his petition was dismissed, and the appellate court can review the decision by looking at the filing dates of the various documents in the record. Findings of fact and conclusions of law are not necessary in this situation. Making and filing them would be a useless exercise. State v. Dewey (Sept. 25, 1998), Ashtabula App. No. 97-A-0077, unreported and State v. Mundy (Mar. 28, 1997), Greene App. No. 96 CA 95, unreported.
In the present case Mr. Jackson's postconviction petition is clearly untimely. The time for filing a direct appeal, as compared to a delayed appeal, began to run on April 4, 1997, when the trial court sentenced him; Mr. Jackson had 210 days to file his postconviction petition. He did not file it until over two-and-a-half years later, on October 15, 1999. Even assuming arguendo that the time for filing a postconviction petition begins to run upon the filing of the transcript in a delayed appeal, the petition was still untimely. The complete transcript was filed no later than December 2, 1998; Mr. Jackson filed his petition 319 days later. Moreover, he does not come within the exceptions stated in R.C.2953.23(A). He does not rely upon a right newly discovered by the United States Supreme Court, and his arguments of confusion, coercion and ineffectiveness of trial counsel are not based upon newly discovered evidence. Thus his postconviction petition was untimely, and the trial court had no duty to issue findings of fact and conclusions of law.
Additionally, Mr. Jackson failed to properly caption his petition for mandamus because he did not include the addresses of the parties as required by Civil Rule 10(A).
Accordingly, this court grants the motion for summary judgment and denies the application for a writ of mandamus. Costs assessed against relator.
TERRENCE O'DONNELL, J., CONCURS.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE
[1] Mr. Jackson also lists the Cuyahoga County Prosecutors as respondents in the case caption, but does not state a claim against them.
[2] Mr. Jackson also alleges that he filed a motion for summary judgment. However, his attached exhibit does not bear a file-stamp, and the docket in the underlying case does not indicate that such a motion was filed.