OPINION
{¶ 1} Defendant-appellant Anthony Jones appeals from the dismissal of his petition for post-conviction relief, following a hearing. Jones contends that the trial court erred by dismissing his petition upon the grounds that it was not timely filed, and that the trial court erred by failing to issue findings of fact and conclusions of law. Based upon our review of the record, we conclude that the trial court vacated its initial dismissal of Jones's petition upon the grounds that it was not timely filed, held a hearing on the merits, found his petition not to be well-taken, and rendered adequate findings of fact and conclusions of law. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} In 1999, Jones was charged with one count of Engaging in a Pattern of Corrupt Activity, 22 counts of Trafficking in Drugs, and 24 counts of Possession of Drugs. In 2000, pursuant to a plea bargain, he pled no contest to one count of Engaging in a Pattern of Corrupt Activity, seven counts of Trafficking in Drugs, and ten counts of Possession of Drugs. He was found guilty on all of the counts to which he pled no contest. On the count of Engaging in a Pattern of Corrupt Activity, he was sentenced to eight years incarceration. Various sentences of incarceration were imposed on the other counts, all of which were less than eight years, and all of which were concurrent with the eight-year sentence for Engaging in a Pattern of Corrupt Activity, resulting in an aggregate sentence of eight years.
 {¶ 3} In 2001, Jones filed a petition for post-conviction relief. The State moved to dismiss the petition, upon the grounds that it was untimely filed. On April 25, 2001, the trial court dismissed the petition upon the grounds that it was not timely filed.
 {¶ 4} Shortly thereafter, the State recognized that it had miscalculated the number of days between the filing of Jones's petition and the date of his sentencing, and that the petition was actually timely filed. The State filed a motion on April 30, 2001, explaining its error with respect to the timeliness issue, but seeking to amend its motion to dismiss to argue alternative grounds. The next day, May 1, 2001, the trial court vacated its order dismissing Jones's petition. A few days later, Jones filed a motion for relief from the order dismissing his petition. The trial court filed an entry noting that it had already granted Jones the relief he was seeking.
 {¶ 5} There followed a number of proceedings, including an appeal to this court, which we find it unnecessary to detail. In late October, 2001, the trial court conducted an evidentiary hearing on the merits of Jones's petition for post-conviction relief. Jones appeared with his attorney at this hearing, three witnesses were called on Jones's behalf, including Jones, himself, and one witness was called by the State. On November 1, 2001, the trial court entered an order dismissing Jones's petition for post-conviction relief, finding, as a result of the hearing, that his petition was without merit. From the order dismissing his petition, Jones appeals.
 II {¶ 6} Jones's First and Second Assignments of Error are as follows:
 {¶ 7} "THE APPELLANT'S 01ST, 05TH, 08TH [sic], AND 14TH AMENDMENT RIGHT'S WERE GROSSLY VIOLATED, AS A RESULT, WHEN THE PROSECUTION ACTED, WITH MALICE AND MALICIOUS INTENT, IN BAD FAITH, IN A WANTON AND RECKLESS DISREGARD FOR THE APPELLANT'S STATE, STATUTORY, AND HIS FEDERAL CONSTITUTIONAL RIGHTS, WHEN THE PROSECUTOR PRESENTED FALSE, MISLEADING AND ERRONEOUS INFORMATION AS HIS THEORY IN ARGUMENTS TWICE CONCERNING THE UNTIMELY ISSUE."
 {¶ 8} "THE COURT WAS IN ERROR WHEN IT ACTED WITH MALICE AND MALICIOUS INTENT, IN BAD FAITH, IN A WANTON AND RECKLESS DISREGARD FOR THE APPELLANT'S STATE, STATUTORY, AND HIS FEDERAL CONSTITUTIONAL RIGHTS WHEN THE JUDGE ABUSED ITS DISCRETION, BY RULING IN FAVOR OF THE STATE BASED ON THE PROSECUTION FALSE, MISLEADING AND ERRONEOUS UNTIMELY ARGUMENTS TWICE DURING THESE PROCEEDINGS."
 {¶ 9} In each of these assignments of error, Jones complains that the State misled the trial court with respect to the timeliness issue, resulting in the dismissal of his petition. As the State notes, the timeliness issue is moot. The trial court accepted the State's confession that it had erred in its calculations, vacated its order dismissing the petition on timeliness grounds, and ultimately heard the petition on its merits.
 {¶ 10} Consequently, we conclude that to the extent Jones is complaining about the original dismissal of his petition upon the grounds that it was not timely filed, that issue became moot. To the extent that Jones is complaining about the ultimate dismissal of his petition, we conclude that the record fails to portray the error of which Jones complains, because it appears from the record that his petition was not ultimately dismissed upon the ground that it was untimely filed, but upon the ground that it was otherwise without merit.
 {¶ 11} Jones's First and Second Assignments of Error are overruled.
 III {¶ 12} Jones's Third Assignment of Error is as follows:
 {¶ 13} "THE COURT WAS IN ERROR, WHEN IT ACTED WITH MALICE AND MALICIOUS INTENT, IN BAD FAITH, IN A WANTON AND RECKLESS DISREGARD FOR APPELLANT'S STATE, STATUTORY, AND HIS FEDERAL CONSTITUTIONAL RIGHTS, WHEN IT REFUSED TO ISSUE A FINDING OF FACTS AND CONCLUSIONS OF THE LAW."
 {¶ 14} To begin with, we have reviewed the entire transcript of the hearing, as well as the trial court's order dismissing Jones's petition, and we find nothing therein that could possibly support a claim that the trial court has acted maliciously, in bad faith, or wantonly or recklessly. To the contrary, it appears that the trial court gave thorough and careful consideration to Jones's evidence and arguments.
 {¶ 15} With respect to Jones's contention that the trial court "refused," or failed, to issue findings of fact and conclusions of law, as required by R.C. 2953.21(G), we note that the findings of fact and conclusions of law required by R.C. 2953.21 in connection with the denial of a petition for post-conviction relief may appear in the entry of dismissal, and need not be specifically labeled as findings of fact and conclusions of law. State, ex rel. Carrion v. Harris (1988),40 Ohio St.3d 19, 20.
 {¶ 16} We set forth herein the trial court's order dismissing Jones's petition for post-conviction relief, in its entirety:
 {¶ 17} "On October 1, 2001, the Court granted the Defendant an evidentiary hearing on his amended petition for post-conviction relief. J. Allen Wilmes, Attorney at Law, was appointed to represent the Defendant. The hearing was scheduled to commence at 9:00 a.m. on October 30, 2001.
 {¶ 18} "The purpose of the hearing was to determine whether or not (1) Aaron Evans and Kendrick Block were coerced into giving false oral and written evidence by Detective Lord as alleged in the affidavits, which incriminated the Defendant during the investigation of this case, (2) whether such information was given to the Defendant and his counsel, and (3) whether the Defendant and his attorneys relied on such alleged false information when making the decision whether or not the Defendant would change his plea.
 {¶ 19} "On October 24 Counsel for the Defendant filed a motion for continuance, a motion for pretrial conference, and for conveyance of the Defendant to Miami County so that Counsel could confer with the Defendant.
 {¶ 20} "On October 30 the Defendant appeared before the Court with his attorney, J. Allen Wilmes. It was established on the record that a pre-trial conference had been held as requested by the Defense, the Defendant was conveyed to Miami County and had met with Counsel prior to the hearing, was satisfied, and the Defendant withdrew his motion for a continuance.
 {¶ 21} "The Defendant made an oral Pro Se motion to amend his amended motion for post-conviction to include allegations that his trial attorney, Frank Patrizio did not adequately investigate the existence of specific alibi witnesses as requested by the Defendant prior to the time of the change of plea. The Court took that issue under advisement.
 {¶ 22} "The parties agreed that the evidentiary hearing on the motion for post-conviction relief would be bifurcated. The first phase of the hearing would be for the Court to determine whether Aaron Evans or Kendrick Block were coerced into giving false oral and written evidence against the Defendant during the investigation of the case. An affidavit of Wayland Block was also submitted in support of the petition. In the event the Court were to find that such coercion and false testimony was given, then another hearing would be held to determine whether the Defendant and his Attorneys relied on such false information when making the decision whether or not the Defendant would have changed his plea of no contest. In such event the subject would be relevant to the issue of voluntariness.
 {¶ 23} "The Court heard the testimony of Kendrick Block and Wayland Block. The Defendant submitted affidavits from both of them in support of his petitions. The testimony of both Kendrick and Wayland Block was inconsistent. However, the clear import and weight of their testimony was that they recanted the allegations set forth in their affidavits.
 {¶ 24} "During their testimony at the hearing it was clearly established that they were not coerced by Detective Lord. Also, they both recanted the information in their affidavits which stated that the evidence they gave the Detectives was false. They both testified that the evidence given by them to Detective Lord was true. Aaron Evans was subpoenaed and was present, but was not called by either side. The Defendant has the burden of proof, so his failure to call Mr. Evans in the wake of the other two recanting witnesses does not advance the Defendant's cause.
 {¶ 25} "Detective Lord testified that he did not coerce these witnesses. The Court finds the testimony of Detective Lord to be credible that he did not coerce any of the persons named by the Defendant into giving false testimony against the Defendant. The taped interview of Kendrick Block and the transcript thereof entered into evidence are consistent with Detective Lord's testimony. The Court finds that the Defendant's claims are without merit.
 {¶ 26} "The Court originally ordered the parties to provide it with memoranda on the Defendant's motion to amend his post-conviction relief petition to include further allegations of failure of his trial attorney, Frank Patrizio to investigate specific alibi witnesses prior to his change of plea. After verbally instructing the parties on the record in this regard to provide the Court with memoranda, the Court has reviewed the pleadings, the record, and the testimony of the Defendant at the hearing held on October 30. From the foregoing, and further reflection on the issue, the Court has determined that it does not require any further assistance from Counsel to decide the issue.
 {¶ 27} "It finds that these claims were already made in the amended petition and were overruled by the Court on October 1. These matters were known to the Defendant prior to the change of plea and could have been litigated at the hearing on the motion to withdraw the no contest plea by new counsel. For these reasons such general claims were overruled on October 1 due to res judicata and clear contradiction of the claims on the record. Even if the claims were not brought in the amended petition, the proposed amendments would be untimely made. Therefore the Defendant's oral, Pro Se motion to amend the amended petition is overruled.
 {¶ 28} "After Detective Lord had completed his testimony, the Defendant informed the Court Pro Se, that he wished to cross-examine Detective Lord, Pro Se, with transcripts and recordings of drug buys which the State failed to bring to the hearing. These materials had been previously provided to the Defendant's previous attorneys, but the Court ordered that they be brought to the hearing. In any event, and notwithstanding the State's noncompliance with the Court's order, the Court finds that these matters are beyond the scope of the issues presented at the hearing. Other than the foregoing issue, which the Court finds is beyond the scope of the hearing, the parties informed the Court that they had nothing else to offer. Therefore, the Court considers the evidentiary hearing concluded.
 {¶ 29} "Therefore, the Defendant's amended petition for post-conviction relief is dismissed."
 {¶ 30} We conclude that the trial court adequately set forth findings of fact and conclusions of law in its order dismissing Jones's petition for post-conviction relief. Furthermore, we find it unremarkable that the trial court gave no credence to the alleged recantations by Wayland Block and Kendrick Block, who had testified for the State at Jones's trial. At the conclusion of Wayland Block's direct testimony at the post-conviction relief petition hearing, he gave the following testimony:
 {¶ 31} "Q. Well, you might be here Wayland because you signed this affidavit.
 {¶ 32} "A. Well, I signed it just so you'd leave me alone. None of it in there is true. nothin'. The whole thing ain't true. I just signed it."
 {¶ 33} The direct testimony of Kendrick Block at the hearing on Jones's petition for post-conviction relief ended in an even less satisfactory manner from Jones's point of view:
 {¶ 34} "Q. When you made these statements, if you can remember way back on July of `99, when you said it's all Anthony [Jones], god dammit, I sold for Anthony, that wasn't true at that point?
 {¶ 35} "A. It was true.
 {¶ 36} "Q. You told me a few minutes ago it wasn't.
 {¶ 37} "A. Well, I was lyin' to you a few minutes ago. It's very obvious I'm a compulsive liar, but it's true now.
 {¶ 38} "Q. It's true for the moment?
 {¶ 39} "A. It true period. Real life."
 {¶ 40} We conclude that the evidence in the record abundantly supports the trial court's findings of fact, and we also find no error in the trial court's disposition of Jones's claims with respect to the failure of his trial attorney to have investigated specific alibi witnesses prior to his change of plea. Accordingly, Jones's Third Assignment of Error is overruled.
 IV {¶ 41} All of Jones's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.