JOURNAL ENTRY AND OPINION
{¶ 1} On December 2, 2008, the relator, Daniel Montgomery, commenced this procedendo action against the respondent, Judge Joan Synenberg, to compel the judge to rule on a postconviction relief petition, which Montgomery filed on November 6, 2006, in the underlying case, State ofOhio v. Daniel Montgomery, Cuyahoga County Common Pleas Court Case No. CR-433325. On January 12, 2009, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness. Montgomery never filed a response. Attached to the dispositive motion was a journal entry, which the docket reveals was journalized on Janaury 8, 2009, and which denied the postconviction *Page 3 
petition in the underlying case because the petition was untimely and meritless. Thus, the judge has fulfilled her duty to resolve the petition with findings of fact and conclusions of law. State ex rel.Carrion v. Harris (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330. Furthermore, Montgomery has received his requested relief, a resolution of his postconviction petition.
 {¶ 2} Additionally, Montgomery failed to support his complaint for procedendo with an affidavit specifying the details of the claims as required by Local Rule 45(B)(1)(A). State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported andState ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
 {¶ 3} Accordingly, this court grants the motion for summary judgment and denies the application for a writ of procedendo. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
JAMES J. SWEENEY, P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1