[Cite as *State ex rel. Parker v. Russo*, 2011-Ohio-2667.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96722**

---

# STATE OF OHIO, EX REL., MICHAEL PARKER, JR.

RELATOR

vs.

# THE HONORABLE JUDGE JOHN RUSSO

RESPONDENT

---

**JUDGMENT:**
WRIT DENIED

---

Writ of Mandamus
Motion No. 444583
Order No.

**BEFORE:** Blackmon, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 2, 2011

-i-

**FOR RELATOR:**

Michael Parker, Jr., Pro Se
Inmate No. 572-106
Lake Erie Correctional Inst.
P. O. Box 8000
Conneaut, Ohio 44030


**FOR RESPONDENT:**

Judge John Russo
Cuyahoga County Common Pleas Court

William D. Mason
Cuyahoga County Prosecutor

James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, J.:

**{¶ 1}** Michael Parker, Jr. has filed a complaint for a writ of mandamus. Parker seeks an order from this court, that requires Judge John Russo to issue findings of fact and conclusions of law with regard to a motion for post-conviction relief, as filed in *State v. Parker, Jr.*, Cuyahoga County Court of Common Pleas Case No. CR-521078. Judge Russo has filed a motion for summary judgment, which we grant for the following reasons.

{¶ 2} Initially, we find that Parker's complaint for a writ of mandamus is defective for failure to comply with R.C. 2969.25(C), which mandates that an inmate, who files a complaint against a government entity or government employee, must support the complaint with a statement that: (1) sets forth the balance in the inmate's account for the preceding six months, as certified by the institutional cashier; and (2) a statement that sets forth all other cash and items of value as owned by the inmate. The failure of Parker to support his complaint with a statement of the balance contained within his institutional account, as certified by the institutional cashier, warrants dismissal. *Martin v. Woods*, 121 Ohio St.3d 609, 2009-Ohio-1928, 906 N.E.2d 1113; *Clarke v. McFaul*, Cuyahoga App. No. 89447, 2007-Ohio-2520.

{¶ 3} Notwithstanding the aforesaid procedural defect, we find that Parker's request for a writ of mandamus is moot. On June 1, 2010, Judge Russo denied Parker's petition for post-conviction relief. In addition, Judge Russo's judgment entry fulfilled the mandatory requirement of "findings of fact and conclusions of law" under R.C. 2953.21. The entry of June 1, 2010, apprised Parker of the grounds for the judgment and would enable an appellate court to review the

judgment on appeal. *State ex rel. Carrion v. Harris* (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330; *State v. Mapson* (1982), 1 Ohio St.3d 217, 438 N.E.2d 910; *State v. Lester* (1975), 41 Ohio St.2d 51, 322 N.E.2d 656.

**{¶ 4}** Accordingly, we grant Judge Russo's motion for summary judgment. Costs to Parker. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Writ denied.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR