[Cite as *State ex rel. Gibson v. Heath*, 2016-Ohio-1449.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL.<br>REGINALD GIBSON | : | |
| | : | |
| | : | |
| Relator | : | **NUNC PRO TUNC** |
| | : | |
| -vs- | : | |
| | : | JUDGMENT ENTRY |
| HONORABLE TARYN HEATH<br>STARK COUNTY COURT OF<br>COMMON PLEAS | : | |
| | : | |
| | : | |
| Respondent | : | CASE NO. 2015CA00084 |

The Opinion previously issued in this case contained a clerical error on the cover page and judgment entry. The respondent's name was incorrectly spelled.

_____
Hon. Sheila G. Farmer


_____
Hon. W. Scott Gwin


_____
Hon. Patricia A. Delaney

[Cite as *State ex rel. Gibson v. Heath*, 2016-Ohio-1449.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, EX REL. | : | JUDGES: |
| REGINALD GIBSON | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Relator | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | |
| HONORABLE TARYN HEATH | : | CASE NO. 2015CA00084 |
| STARK COUNTY COURT OF | : | |
| COMMON PLEAS | : | |
| | : | |
| Respondent | : | O P I N I O N |

NUNC PRO TUNC


CHARACTER OF PROCEEDING:     Writ of Mandamus


JUDGMENT:     Dismissed


DATE OF JUDGMENT:     April 5, 2016


APPEARANCES:

For Relator

REGINALD GIBSON, Pro Se
Inmate No. 654-525
Lake Erie Correctional Institution
501 Thompson Road
P. O. Box 8000
Conneaut, OH  44030-8000

For Respondent

JOHN D. FERRERO
Stark County Prosecuting Attorney
By:  RENEE M. WATSON
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, OH 44702-1413

*Farmer, P.J.*

{¶1}   Relator, Reginald Gibson, has filed a Petition for Writ of Mandamus against Respondent, Judge Taryn Heath of the Stark County Court of Common Pleas.  Relator seeks an order requiring Respondent to issue findings of fact and conclusions of law in support of the trial court's denial of Relator's motion for post-conviction relief.  Respondent has filed a motion to dismiss arguing Respondent has already issued the findings of fact and conclusions of law.  Further, Respondent argues Relator has or had an adequate remedy at law by way of appeal.

{¶2}   For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶3}   However, the Supreme Court has held mandamus will not issue where the requested relief has been obtained, "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668.

{¶4}   If the entry [denying a motion for post-conviction relief] of the trial court sufficiently apprises the petitioner of the reasons for the judgment and permits meaningful appellate review, a writ of mandamus will not be issued to compel findings of fact and conclusions of law. *State ex rel. Carrion v. Harris* (1988), 40 Ohio St.3d 19, 19–20, 530 N.E.2d 1330, 1330–1331.

**{¶5}** Respondent issued a ruling on the motion for post-conviction relief on May 23, 2014. The entry contained sufficient findings of fact and conclusions of law to apprise Relator of the reasons for denial of the motion.

**{¶6}** Because Respondent ruled on the motion in question with sufficient findings of fact and conclusions of law, we find Relator has failed to demonstrate his entitlement to the writ as Respondent has fulfilled her legal duty. For this reason, the motion to dismiss is granted, and the instant petition is dismissed.

By Farmer, P.J.

Gwin, J. and

Delaney, J. concur.

SGF/as 210