[Cite as *State v. Clifford*, 2020-Ohio-4129.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190586 |
| | | TRIAL NO. B-1603819 |
| Respondent-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| EUGENE CLIFFORD, | : | |
| Petitioner-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: August 19, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Respondent-Appellee,

*Arenstein & Gallagher*, *William R. Gallagher* and *Elizabeth Conkin*, for Petitioner-Appellant.

**CROUSE, Judge.**

{¶1} Petitioner-appellant Eugene Clifford appeals the Hamilton County Common Pleas Court's judgment denying his R.C. 2953.21 petition for postconviction relief.

{¶2} In 2017, Clifford was convicted upon jury verdicts finding him of guilty of trafficking in heroin, trafficking in cocaine, and having weapons while under a disability. The trial court sentenced him to prison terms totaling 14 years. He unsuccessfully challenged his convictions on direct appeal. *See State v. Clifford*, 1st Dist. Hamilton No. C-170279 (May 30, 2018), *delayed appeal denied*, 153 Ohio St.3d 1503, 2018-Ohio-4285, 109 N.E.3d 1259.

{¶3} In this appeal, Clifford advances two assignments of error that may fairly be read together to challenge the denial of his postconviction petition without an evidentiary hearing. For the following reasons, we affirm the trial court's judgment.

*The Evidence*

{¶4} Clifford was charged with drug and weapons offenses based on evidence seized during a search. The search was conducted pursuant to a warrant issued after police surveillance of a house over a six-week period disclosed activities consistent with drug trafficking. Surveillance video showed Clifford, almost daily, locking and unlocking the house with keys, entering and exiting the house, and engaging with people who arrived at the house by car. The people met with Clifford in front of the house, walked with him to the side of the house, out of view of the surveillance camera, returned with him moments later, and left.

{¶5} On the day the search warrant was executed, the police observed Clifford alone unlock the front door and enter and exit the house multiple times. As the police

2

approached the house, Clifford was standing on the porch with three other men, one of whom entered the house, but within seconds, returned to the porch. The police seized from Clifford's person keys to the house, $4500 in small bills, and a cell phone. From the house, the police seized a loaded revolver from inside a bay window near the front door and a loaded rifle hanging on a wall in the basement. From the kitchen pantry, the police seized multiple bags of heroin totaling 29 grams, two bags of cocaine totaling 41 grams, a scale bearing heroin residue, a scale and mixing bowl bearing cocaine residue, and a box of plastic sandwich bags.

{¶6} In the direct appeal, we overruled an assignment of error challenging the weight and sufficiency of the evidence supporting Clifford's drug and weapons convictions. Clifford, in his statement to police, had denied any involvement in selling drugs from the house. But his DNA was found on the knot on a bag of cocaine found in the kitchen pantry. Concerning the currency found on Clifford when the search warrant was executed, defense witnesses testified to paying him the rent due on his mother's rental properties and for repairs to their vehicles, while police testified that that amount of money in small denominations was consistent with drug trafficking. The evidence, we found, was sufficient to permit a reasonable inference that Clifford had possessed the heroin and cocaine, and that the drugs were being prepared for distribution. And we concluded that the jury had not lost its way in finding him guilty of those offenses.

{¶7} With respect to the weapons offense, Clifford stipulated to a prior drug-possession conviction that made it illegal for him to possess a firearm. Surveillance video showed only Clifford using keys to enter the house in which the revolver and rifle were found. When the search warrant was executed, he was found standing in close

proximity to the loaded revolver. Clifford's friend Anthony Walker, who owned the house, testified that he had given Clifford keys to care for his house while he was in the hospital. Walker testified that the rifle found in the basement was his, and that he had left the rifle unloaded and inoperable. We determined that the state had produced sufficient circumstantial evidence to prove that Clifford had constructively possessed both firearms, and that the jury did not lose its way in finding him guilty of that offense.

*The Postconviction Petition*

{¶8} In his postconviction petition, Clifford sought relief from his convictions on the ground that he had been denied his right, secured by the Sixth Amendment to the United States Constitution, to the effective assistance of counsel, when his trial counsel failed to conduct a reasonable investigation, or to make a reasonable determination that an investigation was unnecessary with regard to several witnesses who Clifford claimed would have provided evidence in his defense.

{¶9} Clifford asserted that Joyce Johnson had been at the house to clean in the morning before police arrived to execute the search warrant. He claimed that, if called as a witness at trial, Johnson would have testified that she had seen no drugs or firearms there that morning. Clifford claimed that Anton Segar and Trigers Stone were "the true owners of the heroin and revolver" seized from the house. He asserted that Johnson's testimony, along with evidence "t[ying]" Segar and Stone to the handgun and heroin, would have been "outcome-determinative" as to those charges.

{¶10} The only evidence outside the trial record offered in support of the petition was Clifford's own affidavit. He averred that while he had known that there was cocaine in the house, he had been unaware of the presence of heroin or firearms and had "possess[ed]" neither. He stated that the heroin had been Stone's, the "firearm(s)" had been Segar's, and the heroin and firearms had been "left" there "on the

4

day in question." Clifford further asserted that Johnson would have testified that she "[had] not note[d] any drugs or firearms in the residence" that morning. Clifford claimed that he had provided information concerning this evidence to his trial counsel before trial, but his counsel disregarded it.

{¶11} The common pleas court denied the petition with findings of fact and conclusions of law characterizing Clifford's affidavit as "self-serving" and finding that he had otherwise failed to present evidence outside the trial record to support his ineffective-assistance-of-counsel claim. Upon its conclusion that the claim was not "adequately support[ed]," the court dismissed the petition without an evidentiary hearing.

{¶12} *Standard of review.* To prevail on a postconviction claim, the petitioner must demonstrate a constitutional violation in the proceedings resulting in his conviction. R.C. 2953.21(A)(1)(a). The petitioner bears the initial burden of demonstrating "substantive grounds for relief" through the petition, with its supporting affidavits and other documentary evidence, and the trial record. R.C. 2953.21(D). A postconviction claim is subject to dismissal without a hearing if the petitioner fails to support the claim with evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. *Id.*; *State v. Pankey*, 68 Ohio St.2d 58, 59, 428 N.E.2d 413 (1981); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus. Conversely, "the court must proceed to a prompt hearing on the issues" if "the petition and the files and records of the case show the petitioner is * * * entitled to relief." R.C. 2953.21(F).

{¶13} The Sixth Amendment to the United States Constitution imposes upon criminal defense counsel a duty to investigate the defendant's case. *Strickland v.*

5

*Washington*, 466 U.S. 668, 690-691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To discharge that duty, counsel must either conduct a "reasonable investigation[]" or "make a reasonable decision that makes [a] particular investigation[] unnecessary." *Id.* at 691. *Accord State v. Johnson*, 24 Ohio St.3d 87, 89, 494 N.E.2d 1061 (1986).

{¶14} To prevail on a postconviction claim of ineffective assistance of counsel, the petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him. *Strickland* at 694; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To establish prejudice, the petitioner must demonstrate that counsel's deficient performance "so undermined the proper functioning of the adversarial process that the trial could not have reliably produced a just result." *State v. Powell*, 90 Ohio App.3d 260, 266, 629 N.E.2d 13 (1993), citing *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), and *Strickland*.

{¶15} *The postconviction claim.* In his postconviction ineffective-counsel claim, Clifford claimed his trial counsel was ineffective for failing to investigate and present at trial "outcome-determinative" evidence proving that others, and not he, had been responsible for the presence of the drugs and guns in the house. He asserted that evidence demonstrating that Segar and Stone had been "the true owners of the heroin and revolver" and that Johnson had seen no drugs or guns in the house would have "cast[] doubt" on the jury's verdicts finding him guilty of heroin trafficking and the weapons charge. The claim was supported only by the averments in his affidavit that the heroin "belonged to" Stone and the "firearm(s) belonged to" Segar; that Johnson had been at the house with him earlier on the day the search warrant was executed and would have testified that she had not then "note[d] any drugs or firearms in the

residence"; and that trial counsel had disregarded information that Clifford had provided before trial concerning Johnson's proposed testimony.

{¶16} *The affidavit.* Clifford argues that the common pleas court abused its discretion, when in its findings of fact and conclusions of law, it "dismissed" his affidavit as "self-serving," without expressly and "valid[ly]" finding that it lacked credibility. The court, he insists, should have accorded his affidavit "due deference" and conducted an evidentiary hearing on his postconviction claim.

{¶17} Clifford is right in his assertion that a common pleas court must accord "due deference" to outside evidence in the form of an affidavit offered in support of a postconviction claim. *State v. Calhoun*, 86 Ohio St.3d 279, 284, 714 N.E.2d 905 (1999). But the court need not accept the affidavit's averments as true statements of fact. And the court has the discretion to judge the credibility of the affidavit, and to find that it lacks credibility, without conducting a hearing. *Id.* In exercising that discretion, the court is guided by its consideration of all relevant factors, including "(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavit[ ] contain[s] or rel[ies] on hearsay, (4) whether the affiant[ ] [is a] relative of the petitioner, or otherwise interested in the success of the petitioner's efforts, * * * (5) whether the affidavit[ ] contradict[s] evidence proffered by the defense at trial," (6) whether the affidavit is contradicted by the affiant's trial testimony, and (7) whether the affidavit is "internally inconsistent." *Id.* at 284-285.

{¶18} The common pleas court's failure to expressly find under the *Calhoun* factors that Clifford's affidavit was not credible did not, as he suggests, render the

findings of fact and conclusions of law insufficient. The court's findings of fact and conclusions of law were sufficient because they covered and pertained to the material and determinative issues presented in the petition and adequately apprised Clifford and this court of the legal and evidentiary bases for the claim's dismissal. *See State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 19-20, 530 N.E.2d 1330 (1988) (holding that the sufficiency of findings of fact and conclusions of law is determined by reference to the purposes served by the requirement of findings: "to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause"); *accord State v. Poindexter*, 1st Dist. Hamilton No. C-890734, 1991 WL 30613, *13 (Mar. 6, 1991). In characterizing the affidavit's averments as "self-serving" and otherwise unsupported and dismissing the postconviction claim as inadequately supported, the court engaged in the alternative (yet, not wholly unrelated) analysis for assessing the credibility of an affidavit offered in support of a postconviction claim, established in *State v. Kapper,* 5 Ohio St. 3d 36, 448 N.E.2d 823 (1983).

{¶19} As we noted, a postconviction claim may be dismissed without an evidentiary hearing, when (1) the record of the proceedings leading to the conviction shows that the petitioner is not entitled to relief, and (2) the petitioner failed to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. With respect to the second of these conditions, the Ohio Supreme Court has long held that uncorroborated "self-serving" averments contained in a petitioner's affidavit are "insufficient to rebut" evidence of record to the contrary. *Id.* at 38; *accord State v. West*, 1st Dist. Hamilton No. C-840313, 1985 WL 9283 (Jan. 23, 1985).

8

{¶20} *No substantive grounds for relief.* The state adduced at trial evidence that Clifford had, for purposes of the charged offenses, possessed the drugs and firearms. On that day, before the warrant was executed and the drugs and firearms were found, the police saw only two people enter the house: Clifford, who had entered and exited the house multiple times; and the man who had briefly fled from the porch into the house when the police arrived to execute the warrant. The police found Clifford in close proximity to the loaded handgun near the front door and in possession of house keys and currency that, according to the police, was in an amount and denomination that indicated drug trafficking. His DNA was found on a package of cocaine located in the kitchen pantry, alongside packages of heroin. And in his interview with police, Clifford acknowledged that drugs were being sold from the house.

{¶21} Also, the jury was properly instructed that, for purposes of deciding whether possession of drugs or a firearm had been proved, a person may possess or control property belonging to another. In Clifford's direct appeal, we held that the evidence adduced at trial was legally sufficient "to permit the reasonable inference that he had possessed the heroin and cocaine," and that "reasonable minds could find that he had knowingly exercised dominion and control over the firearms and had constructively possessed them."

{¶22} The "self-serving" declarations contained in Clifford's affidavit disavowing his possession of the drugs and firearms were, alone, insufficient to rebut evidence in the record to the contrary. *See Kapper,* 5 Ohio St. 3d at 38, 448 N.E.2d 823. And he did not otherwise offer outside evidence, nor could he point to evidence in the record, demonstrating his assertions, essential to his ineffective-counsel claim, that trial counsel had known of, but had declined to conduct a reasonable investigation into,

outcome-determinative evidence. Thus, Clifford failed to sustain his burden of submitting with his postconviction petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief.

{¶23} We, therefore, hold that the common pleas court properly denied Clifford's postconviction petition without an evidentiary hearing. Accordingly, we overrule the assignments of error.

*We Affirm*

{¶24} Finding no merit to any of the challenges advanced on appeal, we affirm the judgment of the common pleas court.

Judgment affirmed.

**MOCK, P.J.**, and **ZAYAS, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.